31 F.Supp.2d 1161 (1999)
MISSOURI REPUBLICAN PARTY, et al., Plaintiffs,
v.
Charles G. LAMB, et al., Defendants.
No. 4:98CV1909 CDP.
United States District Court, E.D. Missouri, Eastern Division.
January 13, 1999.
Douglas Bruce La Pierre, Washington University, St. Louis, MO, Patric A. Lester, Lester and Associates, St. Louis, MO, W. Bevis Schock, Clayton, MO, for plaintiffs.
James R. Layton, Attorney General of Missouri, Assistant Attorney General, Jefferson City, MO, for defendants.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the Court on plaintiffs' motion for a preliminary injunction. Plaintiffs seek to enjoin defendants from implementing, enforcing, or acting in reliance upon Missouri statutory provisions regulating contributions made by or accepted from a political party committee to a candidate for state office in any one election. Plaintiffs contend that those provisions impermissibly infringe on their first amendment rights. For the reasons stated below, the Court will grant plaintiffs' motion.

I. Background

Plaintiff Missouri Republican Party is a political party committee as defined by Missouri Revised Statute § 130.011(25). Plaintiff Charles A. Pierce was the Republican candidate for Missouri state auditor in the 1998 general election; plaintiff Pierce for Auditor is a Missouri candidate committee, as defined by Missouri Revised Statute *1162 § 130.011(9); and plaintiff Marc Ellinger is treasurer of that committee. Plaintiff Eric Zahnd was the Republican candidate for the Missouri State Senate for the 34th District in the 1998 general election; plaintiff Citizens for Eric Zahnd is a Missouri candidate committee, and plaintiff Lee R. Keith is treasurer of that committee. Plaintiff Michael J. Reid was the Republican candidate for Missouri State Senate for the 78th District in the 1998 general election; plaintiff Citizens for Mike Reid is a Missouri candidate committee; and plaintiff Elaine Tschee Reid is treasurer of that committee.
Defendant Charles G. Lamb is executive director of the Missouri Ethics Commission ("Ethics Commission"); defendants Robert Gardner and Patricia Flood are chair and vice-chair, respectively, of that commission; and defendants Richard Adams, Elaine Spielbusch, Donald Gann, and Mike Greenwell are members of that commission. Defendant Jeremiah W. Nixon is the Missouri attorney general.
Missouri Revised Statute § 130.032.4 limits the amount of cash and in-kind contributions that a political party committee can make and accept in any one election. The subsection reads, in relevant part, as follows:
Except as limited by this subsection, the amount of cash contributions, and a separate amount for the amount of in-kind contributions, made by or accepted from a political party committee in any one election shall not exceed the following:
(1) To elect an individual to the office of governor, lieutenant governor, secretary of state, state treasurer, state auditor, or attorney general, ten thousand dollars;
(2) To elect an individual to the office of state senator, five thousand dollars;
(3) To elect an individual to the office of state representative, two thousand five hundred dollars; and
(4) To elect an individual to any other office of an electoral district, ward or unit, ten times the allowable contribution limit for the office sought.
Missouri Revised Statute § 130.032.2 requires that the limits contained in § 130.032.4 be adjusted for inflation in each even-numbered year by a calculation employing the cumulative consumer price index. In early 1998, the Ethics Commission increased the limits listed in § 130.032.4(1)-(3) to $10,750, $5,250, and $2,750, respectively.
Under Missouri Revised Statute § 130.032.7, any committee that accepts or gives contributions in excess of the statutory limits is subject to a significant penalty, unless the contribution is promptly returned to the contributor after notification of the violation is received from the Ethics Commission. See Mo.Rev.Stat. § 130.032.7. The per-contribution penalty is one thousand dollars plus an amount equal to the contribution. Id. The candidate and the candidate committee treasurer (or deputy treasurer) are personally liable for payment of that penalty. Id. Alternatively, they may pay the penalty from campaign funds existing on the date that the committee was notified of the violation by the Ethics Commission. Id.
In the 1998 general election, plaintiff Missouri Republican Party made a number of monetary contributions to plaintiffs Pierce for Auditor, Citizens for Eric Zahnd, and Citizens to Elect Mike Reid. In the case of each of those candidate committees, the Republican Party's contributions were in excess of the aforementioned statutory limits. As a result, the Ethics Commission, in late October and early November 1998, separately notified plaintiffs Ellinger, Zahnd, Keith, and the Reids that their committees were in violation of § 130.032.4's limits, and demanded that they return the Republican Party's contributions to the extent that they exceeded those limits. Shortly thereafter, counsel for plaintiffs informed James R. Layton, Missouri's chief deputy attorney general, that plaintiffs intended to file a suit seeking to enjoin enforcement of § 130.032.4. On November 16, 1998, Layton advised plaintiffs' counsel that the Ethics Commission would not seek to enforce § 130.032.4 against plaintiffs pending a hearing on their request for a preliminary injunction. Plaintiffs filed this action on that same day.
On November 18, 1998, the Court held a telephone conference with counsel for all parties. At that conference, counsel agreed that the Court should rule on plaintiffs' preliminary injunction request based on the written record, and that no hearing would be necessary. *1163 The Court accordingly set a briefing schedule, and the motion is now fully briefed.

II. Discussion

The standards for deciding a motion for a preliminary injunction are well-settled. The court must consider: (1) the likelihood that the movant will succeed on the merits of its claim, (2) the threat of irreparable harm to the movant, (3) the balance between that harm and the injury that granting the injunction may inflict on other interested parties, and (4) whether the issuance of an injunction is in the public interest. United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1178-79 (8th Cir.1998); Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 114 (8th Cir.1981) (en banc). The court must examine each factor in determining "whether the balance of equities weighs toward granting the injunction." United Indus. Corp., 140 F.3d at 1179. While no single factor is dispositive, the "most important" is the probability that the movant will succeed on the merits. Shrink Missouri Gov't PAC v. Adams, 151 F.3d 763, 764 (8th Cir.1998).
Plaintiffs argue that all four of the above mentioned factors weigh in favor of granting an injunction. They contend that a political party's contributions to its candidates are entitled to protection under the first amendment and that Missouri cannot prove that campaign contributions made by political parties cause either corruption or an objectively reasonable appearance thereof. They also argue that if the Court does not grant the injunction, their ability to promote their political ideas will be seriously hampered.[1] They assert that the balance of harms tips in their favor because an injunction would merely restore the status quo that existed before the contribution limits were enacted in 1994. Finally, plaintiffs contend that the public's interest in protecting first amendment freedoms strongly supports the granting of an injunction.
For their part, defendants argue that Missouri's limits on contributions by political parties withstand the exacting scrutiny that any regulation of first amendment rights must be given. They contend that imposing limits on contributions by political parties prevents evasion of Missouri's requirement that candidates disclose the sources of their contributions, see Mo.Rev.Stat. § 130.041, and further assert that those limits operate to combat circumvention of the state's contribution limits on individuals.
As recent Eighth Circuit law makes clear, a state may not constitutionally abridge "political speech in the form of campaign contributions," Russell v. Burris, 146 F.3d 563, 568 (8th Cir.), cert. denied, ___ U.S. ___, 119 S.Ct. 510, ___ L.Ed.2d ___ (1998), unless it has either (a) demonstrable evidence of actual undue influence or corruption stemming from such contributions, or (b) similar evidence from which a reasonable person could perceive "that such contributions make for undue influence or spawn corruption."[2]Id. at 569; Shrink Missouri Gov't PAC v. Adams, 161 F.3d 519 (8th Cir.1998) ("Shrink II"). In Shrink II, which involved a challenge to Missouri's restrictions on contributions by individuals to candidates for state office, the court of appeals directed entry of summary judgment against the state, finding that it was "unable to adduce sufficient evidence even to show that there exists a genuine issue of material fact regarding its alleged interest" in curbing corruption, real or perceived. 161 F.3d at 522.
The Court finds that plaintiffs have met their burden, and are entitled to a preliminary injunction. In the Court's view, the case law is squarely in plaintiffs' favor, and their success on the merits is, therefore, likely. The effect of Shrink II is that Missouri *1164 currently has no valid limit on the amount of money that an individual may give to a candidate for state office. Thus, it appears that one of the purported objectives of the contribution limits at issue here (i.e., thwarting a person from evading the limit on the amount that he or she can legitimately give to a given candidate) has ceased to have any force whatsoever. With respect to plaintiffs' disclosure argument, the Court observes that § 130.041's requirements appear also to apply to campaign committees, candidate committees, and political party committees. Indeed, exhibit seven to defendants' opposing memorandum is a copy of the Missouri Republican Party's October 27, 1998, disclosure report to the Ethics Commission. In section A of that report, the party listed by name over seventy contributors to the party, together with the amount given by each. Thus, it seems that if one wanted to know what individuals or corporations enabled the Republican Party to make a substantial contribution to Candidate X, one could readily find out. Finally, the Court has some doubt whether the anti-corruption rationale used to justify limits on contributions by individuals is of equivalent relevance in the context of political party contributions. See Russell, 146 F.3d at 571 ("There is ... less of a danger of quid pro quo corruption, such as the sort that one might presume from large contributions given directly to candidates, when a contribution is given to a PAC that does not itself wield legislative power."); cf. Colorado Republican Campaign Comm. v. Federal Election Comm'n, 518 U.S. 604, 617, 116 S.Ct. 2309, 135 L.Ed.2d 795 (1996) ("[A]n independent expenditure made possible by a $20,000 donation, but controlled and directed by a party rather than the donor, would seems less likely to corrupt than the same (or a much larger) independent expenditure made directly by that donor.").
The other Dataphase factors also militate in plaintiffs' favor. Because enforcement of § 130.032.4's limits impairs plaintiffs' ability to promulgate and advance their political beliefs and ideas, plaintiffs face the threat of irreparable harm if an injunction is not granted. The Court also agrees with plaintiffs that the balance between that harm and the injury that granting the injunction may cause defendants and other interested parties tips decidedly towards plaintiffs. Lastly, the Court finds that as plaintiffs' motion appears to have a sound constitutional underpinning, issuing the injunction is in the public interest.
Accordingly,
IT IS HEREBY ORDERED that plaintiffs' motion for a preliminary injunction [# 7] is granted, and that defendants, their successors, agents, and employees are enjoined and restrained from implementing, enforcing, or acting in reliance upon Missouri Revised Statutes §§ 130.132.4 and 130.132.7 until further order of this Court.
IT IS FURTHER ORDERED that plaintiffs shall, no later than January 15, 1999, post with the Clerk of Court the sum of $250.00 as security, pursuant to Rule 65(c), Fed.R.Civ.P.
IT IS FURTHER ORDERED that plaintiffs' motion to file a memorandum in excess of fifteen pages [# 8] is granted nunc pro tunc.
IT IS FURTHER ORDERED that the parties shall provide the Court, on or before January 25, 1999, with a joint proposal for the procedure to be used in resolving this case on the merits, whether by motion and briefing schedule, or by trial or evidentiary hearing. If the parties are unable to agree on a procedure, the joint proposal shall set forth in detail any areas of disagreement.
NOTES
[1] For example, John Hancock, executive director of plaintiff Missouri Republican Party, states in his affidavit that unless an injunction issues, the party either will have insufficient funds to make contributions to Republican candidates in the future or will be reluctant to make such contributions. Plaintiff Ellinger attests that he is seriously considering running for elected office in the future, and that the Ethics Commission's enforcement actions, if not enjoined, will damage his ability to establish committees and secure financing for a campaign.
[2] The mere fact that an elected official supports legislation also favored by contributors to his or her campaign does not constitute such evidence. Russell, 146 F.3d at 569.